**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Fuzhou Biwenna E-Commerce Co., Ltd., <br><br> *Plaintiff,* <br><br> v. <br><br> Hyperice IP Subco, LLC, and Hyper Ice, Inc., <br><br> *Defendant.* | **Case No. 2:26-cv-02334** <br><br> **Complaint For Declaratory Judgment** <br><br> **Jury Trial Demand** |

**COMPLAINT**

Plaintiff Fuzhou Biwenna E-Commerce Co., Ltd. ("Biwenna" or "Plaintiff"), d/b/a Napre US, alleges for its Complaint against Defendants Hyperice IP Subco, LLC and Hyper Ice, Inc. (collectively, "Hyperice" or "Defendants") as follows:

**NATURE OF THE ACTION**

1.    This is an action for declaratory relief under 28 U.S.C. §§ 2201 and 2202 arising from Defendants' assertion of U.S. Patent No. 11,857,482 B1 (the "'482 Patent") against Plaintiff's foldable massage gun products on Amazon.com.

-1-

COMPLAINT FOR DECLARATORY JUDGMENT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

2.     Defendants caused Amazon to remove Plaintiff's listings by reporting that Plaintiff's products allegedly infringed the '482 Patent. Amazon's notice identifies the asserted intellectual property as Patent No. 11,857,482, identifies the infringement type as patent, identifies Complaint ID 20466158931, and names the rights owner as HYPERICE.

3.     Plaintiff seeks a declaration that its Accused Products do not infringe any claim of the '482 Patent, directly or indirectly, literally or under the doctrine of equivalents. Plaintiff also seeks further relief sufficient to remove the cloud Defendants' Amazon complaint has placed over Plaintiff's right to sell the Accused Products, including relief requiring Defendants to withdraw or correct the Amazon complaint.

## THE PARTIES

4.     Plaintiff Fuzhou Biwenna E-Commerce Co., Ltd. is a company organized under the laws of the People's Republic of China, with a principal place of business in Fuzhou City, Fujian Province, China. Biwenna sells foldable massage gun products under or in connection with the Napre brand and the Amazon seller name Napre US.

5.     On information and belief, Defendant Hyperice IP Subco, LLC is a limited liability company with a principal place of business in Irvine, California. Hyperice IP Subco, LLC is identified in materials available to Plaintiff as the assignee and owner of the '482 Patent.

6.     On information and belief, Defendant Hyper Ice, Inc. is a California corporation with a principal place of business at 525 Technology Drive, Suite 100,

-2-

COMPLAINT FOR DECLARATORY JUDGMENT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

Irvine, California 92618. On information and belief, Hyper Ice, Inc. is affiliated with Hyperice IP Subco, LLC and participated in, controlled, authorized, or benefited from the patent-enforcement activity directed to Amazon and Plaintiff's listings. In PGR2024-00053, Hyperice IP Subco, LLC identified Hyper Ice, Inc. as a real party in interest.

## **JURISDICTION AND VENUE**

7.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.    An actual, immediate, and justiciable controversy exists. Defendants accused Plaintiff's products of infringing the '482 Patent through Amazon's intellectual-property complaint process, Amazon removed Plaintiff's listings, and Amazon informed Plaintiff that the listings may be reactivated if Plaintiff provides a court order stating that Plaintiff is allowed to sell the products and is not violating Amazon policy.

9.    This Court has personal jurisdiction over Defendants at least because Defendants purposefully directed patent-enforcement activity concerning the '482 Patent into this District. Specifically, Defendants submitted a complaint of infringement of the '482 Patent to Amazon.com, Inc. ("Amazon"), which on information and belief maintains substantial operations in Seattle, Washington, intending that Amazon remove Plaintiff's listings. Defendants' extra-judicial

-3-

COMPLAINT FOR DECLARATORY JUDGMENT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

enforcement conduct was purposefully directed at this forum, each claim presented herein arises out of that conduct, and those contacts establish minimum contacts consistent with Washington's Long-Arm Statute, RCW 4.28.185, and due process.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including the Amazon marketplace enforcement conduct and listing removals that give rise to this declaratory-judgment action.

11.    This case is properly assigned to the Seattle Division because the events giving rise to the claim include Amazon-related conduct in King County, Washington. *See* LCR 3(e).

## FACTUAL ALLEGATIONS

12.    The '482 Patent is titled "Massage Device Having Variable Stroke Length" and issued on January 2, 2024. The independent claims include claims 1, 32, and 34. A true and correct copy of the '482 Patent is attached hereto as Exhibit A.

13.    Claim 1 recites, among other limitations, a quick-connect system configured to secure a first massaging head to a percussive massager by a proximal end of the massaging head being slid into a bore while the piston reciprocates at a first speed.

14.    Claim 32 recites, among other limitations, a method in which a quick release connector is configured to secure a first massaging head by sliding the first massaging head into the bore while the piston reciprocates at a first speed.

-4-

COMPLAINT FOR DECLARATORY JUDGMENT

15.    Claim 34 recites, among other limitations, a quick release connector at the distal end of the piston configured to secure a first massaging head while the piston reciprocates at a first speed, where the first massaging head has a substantially cylindrical pocket to receive the quick release connector.

16.    The Patent Trial and Appeal Board issued a Final Written Decision in PGR2024-00053 concerning the '482 Patent on April 20, 2026, determining that the petitioner had not proven, by a preponderance of the evidence, that the challenged claims were unpatentable. In that decision, the Board construed claim element 34[e] to mean: "the distal end of the piston includes a structure that is specifically designed and adapted to quickly and easily secure the first massaging head to the piston regardless of rotational alignment while the piston reciprocates a predetermined stroke length at the first speed, not merely capable of doing so." A true and correct copy of the Final Written Decision in PGR2024-00053 is attached hereto as Exhibit B.

17.    The claim language and post-grant-review record support Plaintiff's allegation that the quick-connect and quick-release-connector limitations are material to the asserted claim scope. Plaintiff alleges that any doctrine-of-equivalents theory that treats a fixed-angle, twist-lock, power-off head-attachment structure as equivalent to those limitations would improperly read those limitations out of the asserted claims.

18.    The post-grant-review record includes the Board-adopted construction of claim element 34[e] set forth above, requiring a structure that is specifically

-5-

COMPLAINT FOR DECLARATORY JUDGMENT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

designed and adapted to quickly and easily secure the first massaging head to the piston regardless of rotational alignment while the piston reciprocates, and not merely capable of doing so. Plaintiff relies on that construction to support its allegations that the Accused Products do not meet the asserted quick-connect or quick-release-connector limitations and cannot be captured through an overbroad doctrine-of-equivalents theory. *See* Exhibit B.

19. Plaintiff alleges that Hyperice's positions during the Patent Office post-issuance review of the '482 Patent, together with the prosecution record, limit the asserted claim scope through prosecution disclaimer or, at minimum, inform claim construction. Plaintiff further alleges that, to the extent Defendants contend that the Accused Products satisfy the asserted claims under the doctrine of equivalents, that theory is barred or limited by prosecution-history-estoppel principles, the all-elements rule, and claim-vitiation principles, because using equivalents to cover a head-attachment structure that requires fixed-angle alignment, manual rotation to lock, and power-off head replacement would eliminate or materially dilute the asserted quick-connect and quick-release-connector limitations.

20. Plaintiff sells or has offered for sale foldable massage gun products with heat and cold functionality, including products associated with ASINs B0FM1RXRMJ, B0FM22LXP6, B0FG86PL85, B0GJZYHZ91, B0DK8V9VFC, B0GDDY8KHX, B0GGX83MG4, B0G6K8M14B, B0FJ1PQV63, and B0GXF2M21F (collectively, the "Accused Products").

-6-

COMPLAINT FOR DECLARATORY JUDGMENT

21. On July 1, 2026, Amazon notified Plaintiff through Seller Central that Amazon had removed the listings for ten ASINs. The notice states: "Infringement type: Patent," "IP asserted: 11,857,482," "Complaint ID: 20466158931," "Rights owner name: HYPERICE," and "Rights owner email: barnold@hyperice.com." A true and correct copy of Amazon's notice is attached hereto as Exhibit C.

22. Amazon's July 1, 2026 notice states that Amazon removed Plaintiff's listings because Amazon received a report from a rights owner alleging that the products may infringe the asserted patent.

23. Amazon's notice further states that Plaintiff may seek reactivation by providing, among other things, a court order stating that Plaintiff is allowed to sell the products and is not violating Amazon policy for the deactivated listings, or by obtaining a retraction submitted directly by the rights owner.

24. The Accused Products do not meet at least the asserted quick-connect or quick-release-connector limitations of claims 1, 32, and 34. The Accused Products' massage-head connection uses a groove-and-protrusion, alignment-and-rotation twist-lock structure.

-7-

COMPLAINT FOR DECLARATORY JUDGMENT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049



housing

first massaging head

*Figure 1: The accused product, showing the housing and the first massaging head.*

25.    In the Accused Products, the first massaging head and the heat-and-cold head each have a substantially cylindrical large bore, and the inner wall of that large bore has two oppositely arranged grooves. The distal end of the piston has, on its outer peripheral wall, two oppositely arranged protrusions, and a substantially cylindrical small bore that houses a first electrical connecting member.

-8-

COMPLAINT FOR DECLARATORY JUDGMENT



*Figure 2: The first massaging head, showing the substantially cylindrical large bore and the grooves on its inner wall.*



*Figure 3: The distal end of the piston, showing the protrusions on its outer wall, the first electrical connecting member, and the substantially cylindrical small bore.*

26.    To attach a head to the Accused Products, a user aligns the two protrusions on the distal end of the piston with the two grooves in the head's large bore, inserts the distal end of the piston into the head's large bore, and manually rotates the head clockwise to lock it, while the motor is stopped.

27.    The Accused Products' user guide expressly warns: "Do Not Replace Head During Use. To avoid any risk of injury or damage, it is strictly forbidden to

COMPLAINT FOR DECLARATORY JUDGMENT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

change the massage head while using the massage gun. Always make sure the device is turned off and unplugged before attempting to remove or insert the massage head." A true and correct copy of the Accused Products' user guide is attached hereto as Exhibit D.

28. The Accused Products therefore require fixed-angle alignment and rotational locking, and the products are designed so that the massage head is removed or inserted only when the device is off and not reciprocating.

29. For claims 1 and 32, the Accused Products do not secure a massaging head by sliding a proximal end of the massaging head into a bore in the piston while the piston reciprocates. Instead, securing a head on the Accused Products requires fixed-angle alignment of the protrusions with the grooves, insertion of the distal end of the piston into the head's large bore, and manual clockwise rotation, all while the motor is stopped.

30. For claim 34, the Accused Products do not have a quick release connector as the Board construed claim element 34[e], because they are not specifically designed and adapted to quickly and easily secure the first massaging head to the piston regardless of rotational alignment while the piston reciprocates; instead, they require alignment of the protrusions with the grooves, manual rotation to lock, and a stopped motor.

31. The Accused Products' heat-and-cold head has, in its large bore, a second electrical connecting member that receives the first electrical connecting member on the distal end of the piston. This powered, keyed interface is additional structural

-10-

COMPLAINT FOR DECLARATORY JUDGMENT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

context supporting Plaintiff's allegation that the Accused Products use a twist-lock connection secured when the motor is stopped, rather than the claimed quick-release connection secured while the piston reciprocates.



*Figure 4: The accused product in folded form with the heat-and-cold head attached.*



*Figure 5: The heat-and-cold head, showing a groove in its large bore and the second electrical connecting member.*

-11-

COMPLAINT FOR DECLARATORY JUDGMENT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

32. Defendants' Amazon complaint has caused concrete commercial harm to Plaintiff, including listing removals, interruption of sales, risk to account health, and the cloud of an ongoing patent-infringement accusation.

33. Unless Defendants withdraw their Amazon complaint or this Court declares that Plaintiff's Accused Products do not infringe the '482 Patent, Plaintiff will continue to suffer uncertainty and marketplace harm from Defendants' assertion of the '482 Patent.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '482 Patent)

34. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

35. An actual controversy exists between Plaintiff and Defendants concerning whether Plaintiff's Accused Products infringe the '482 Patent.

36. Plaintiff's Accused Products do not meet at least the quick-connect limitation of independent claim 1 or the quick-release-connector limitations of independent claims 32 and 34 of the '482 Patent.

37. Because the Accused Products do not satisfy every limitation of any independent claim of the '482 Patent, the Accused Products do not literally infringe any claim of the '482 Patent.

38. The Accused Products also do not infringe under the doctrine of equivalents. Treating Plaintiff's fixed-angle, twist-lock, power-off head-attachment structure as equivalent to the asserted quick-connect or quick-release-connector

-12-

COMPLAINT FOR DECLARATORY JUDGMENT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

limitations would eliminate or materially dilute those limitations and improperly expand the claims beyond what a limitation-specific equivalents analysis permits.

39. Plaintiff alleges that the post-grant-review positions and prosecution record limit the asserted claim scope through prosecution disclaimer or, at minimum, inform claim construction, and that Defendants are barred or limited by prosecution history estoppel, the all-elements rule, and claim-vitiation principles from using equivalence theories to cover a connection structure that requires alignment and rotation and is designed for head replacement only when the device is off.

40. Plaintiff does not directly infringe, induce infringement of, or contribute to infringement of the '482 Patent. The Accused Products' instructions warn users not to replace heads during use and instruct users to turn off and unplug the device before inserting or removing a massage head.

41. Plaintiff is entitled to a declaration that Plaintiff's Accused Products identified above do not infringe any claim of the '482 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For judgment in favor of Plaintiff and against Defendants on Count I;

B. A declaration that Plaintiff's Accused Products have not infringed and do not infringe, either literally or under the doctrine of equivalents, any claim of U.S. Patent No. 11,857,482 B1;

C. A declaration that Plaintiff has not induced infringement of, and has not contributed to the infringement of, any claim of the '482 Patent;

-13-

COMPLAINT FOR DECLARATORY JUDGMENT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

D.      A declaration that Plaintiff is entitled to make, use, offer for sale, sell, and import the Accused Products without liability for infringement of the '482 Patent;

E.      A permanent injunction enjoining Defendants, and all persons acting in concert with them, from filing, submitting, or maintaining with Amazon.com any complaint, report, or notice asserting that Plaintiff's Accused Products infringe the '482 Patent, and an order requiring Defendants to withdraw Amazon Complaint ID 20466158931;

F.      A finding that this is an exceptional case under 35 U.S.C. § 285 and an award to Plaintiff of its reasonable attorneys' fees;

G.      An award to Plaintiff of its costs and expenses incurred in this action;

H.      An award of pre- and post-judgment interest as permitted by law; and;

I.      Such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: July 2, 2026

By: /s/ *Ruoting Men*

Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

Tao Liu (pro hac vice pending)
GLACIER LAW LLP
41 Madison Avenue, Suite 2529

-14-

COMPLAINT FOR DECLARATORY JUDGMENT

New York, NY 10010
tao.liu@glacier.law
Tel: (212) 937-9999

Benjamin E. Weed (pro hac vice pending)
GLACIER LAW LLP
5336 Lyman Avenue
Downers Grove, IL 60515
benjamin.weed@glacier.law
Tel: (312) 481-7969

***Counsel for Plaintiff***
***Fuzhou Biwenna E-Commerce Co.,***
***Ltd.***

-15-

COMPLAINT FOR DECLARATORY JUDGMENT